IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT L. CANFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendant. | Civ. No. 6:15-cv-00846-MC<br><br>OPINION AND ORDER |

MCSHANE, Judge:

Plaintiff brings this action under 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits. The Commissioner's decision is affirmed in part and reversed in part. Because it is not clear that the ALJ would have to find plaintiff disabled, this matter is remanded to the ALJ for additional findings.

1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

On March 5, 2012, plaintiff filed an application for disability insurance benefits alleging disability as of December 2, 2009. Tr. 116-119. After a hearing, the administrative law judge (ALJ) found plaintiff not disabled. Tr. 843-73. Plaintiff appealed to this Court, where the Commissioner conceded errors by the ALJ. Plaintiff argues the ALJ erred by: 1) failing to give clear and convincing reasons for rejecting Plaintiff's testimony; 2) failing to credit the opinion of Dr. Joseph Dunn, M.D.; and 3) failing to show the Commissioner met her burden of proof to show that plaintiff retains the ability to perform "other work" in the national economy. Pl.'s Br. 12-20. Plaintiff moves to remand this action for a determination of benefits. Pl.'s Br. 20. The Commissioner agrees the ALJ erred in failing to reasonably evaluate the opinion of Dr. Dunn, but argues only remand for further proceedings is appropriate as most of the ALJ's findings were supported by the record and free of legal error. Def.'s Br. 1-2. Because the ALJ reasonably provided clear and convincing reasons for rejecting plaintiff's testimony, yet failed to evaluate the medical opinions of Dr. Dunn and failed to show plaintiff retains the ability to perform "other work" in the national economy given the conflicting medical evidence, the ALJ's decision is affirmed in part, reversed in part, and remanded for further proceedings.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978,

980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

### I.     The ALJ Gave Sufficient Reasons to Reject Plaintiff's Testimony

First, plaintiff argues the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony. Pl.'s Br. 14-19. Specifically, plaintiff argues the ALJ erred in discrediting his testimony because his pain was consistent with the objective medical findings, he engaged in strengthening exercises to the best of his abilities, and his early signs of improvement were not sustained. Pl.'s Br. 14-19.

The *Cotton* test places a burden on the claimant to show: 1) objective medical evidence of impairment and; 2) that the impairment, or combination of impairments, could reasonably produce some degree of the reported symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Once a claimant meets the *Cotton* test, and there is not affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only by providing clear and convincing reasons supported by specific evidence in the record. *Id.* at 1283-84; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). In evaluating a claimant's credibility, the ALJ may use "ordinary techniques of credibility evaluation." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). Examples of clear and convincing reasons include

conflicting medical evidence, effective medical treatment, medical noncompliance, inconsistencies either in the claimant's testimony or between his testimony and his conduct, daily activities inconsistent with the alleged symptoms, a sparse work history, testimony that is vague or less than candid, and testimony from physicians and third parties about the nature, severity and effect of the symptoms complained of. *Tommasetti v. Astrue,* 533 F.3d 1035, 1040 (9th Cir. 2008); *Lingenfelter v. Astrue,* 504 F.3d 1028, 1040 (9th Cir. 2007); *Light v. Social Sec. Admin.,* 119 F.3d 789,792 (9th Cir. 1997).

Here, the ALJ found plaintiff's impairments could reasonably be expected to cause some symptoms, but found plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible." Tr. 23. The ALJ cited numerous reasons for discrediting plaintiff's testimony. First, the ALJ noted plaintiff wrote in his initial application that "he remained capable of lifting up to 20 pounds, sitting 10-20 minutes at a time, and standing upright for up to 20 minutes at a time," (Tr. 23, 200), and was able to drive himself to the grocery store independently every three to five days. Tr. 23, 204. The ALJ stated "[s]uch activity reasonably suggests he retains significant physical functioning." Tr. 23.

Next, the ALJ found plaintiff's physical therapy records "reasonably suggest that [plaintiff's] back injury was acute in nature," and "his pain symptoms steadily declined with appropriate treatment." Tr. 24. Specifically, the ALJ found within a month of plaintiff's back injury, plaintiff's physical therapist noted, "he went to work and can complete all light duties" despite increased pain. Tr. 23, 245. The ALJ also noted the physical therapist observed plaintiff demonstrate "increased mobility and decreased pain," although he occasionally experienced "sharp" pain in his low back. Tr. 24, 240. Additionally, the ALJ found, in January 2010 plaintiff reported "marked improvement" in daily functioning, even without pain medications (Tr. 24,

242), and in March 2010 reported "marked improvement in pain with vigorous activities," which included shooting a basketball. Tr. 24, 225-26.

Plaintiff argues these signs of early improvement in his condition were not sustained, noting that "within a few weeks he experienced increased pain in the low back, with tingling and burning and (sic) the left foot." Pl.'s Br. 15, Tr. 231. Further, plaintiff argues evidence shows "[h]e told his physical therapist that at work he could 'barely move,' although he did not lift anything over 10 pounds," (Pl.'s Br. 15, Tr. 247), "moving from sitting to standing aggravated his low back," (Pl.'s Br. 15, Tr. 247), and he "was able to shoot a basketball without increasing low back pain, but he still had increased neck pain with numbness and tingling." Pl.'s Br. 15, Tr. 225. Plaintiff's argues the record does not show "a quick and lasting improvement in the early days after [p]laintiff's work injury." Pl.'s Br. 15. Granted, the ALJ failed to acknowledge plaintiff's improvements were not sustained, and I find this reason for discrediting plaintiff's testimony is not supported by substantial evidence. However, under *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008), the court need not uphold every reason the ALJ discredited the plaintiff, as long as substantial evidence exists to support the ALJ's decision. Here, the ALJ provided numerous other reasons for finding plaintiff not entirely credible, reasons that are supported by the record. An ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Here, the ALJ's error is harmless because allowing the ALJ to address her failure to address plaintiff's lack of sustained improvement would not affect the ALJ's overall credibility finding, which is supported by substantial evidence. Therefore, I find no error.

Third, the ALJ found plaintiff's complaints concerning his pain and limitations were not fully credible because the degree of limitation was not consistent with the objective medical evidence. Tr. 24. The ALJ cited the opinions of Dr. Bradley Bergquist, Dr. Edmund Frank, Dr. William Carr, Dr. James Tran, Dr. Brad Lorber, and Dr. Joseph Dunn. First, the ALJ cited the opinion of Dr. Bergquist, who, after reviewing medical imaging obtained in January 2011, opined the focal disc protrusion at L5-S1 was "small" and did not touch or displace the nerve root. Tr. 24, 279. The ALJ also noted Dr. Bergquist "cited inconsistencies in the record that undermined the credibility of Mr. Canfield's subjective pain complaints," specifically noting "disparate supine and seated straight-leg raise testing results, positive Waddell tests," and "giveway weakness of the left quadriceps despite the fact that [plaintiff] could do a partial squat and rise without evidence weakness." Tr. 24, 285. The ALJ also cited the opinions of Dr. Frank and Dr. Carr, who found plaintiff's pain was "in excess of the objective changes found on his radiologic studies," and found plaintiff's lumbar condition was "mild-to-moderate" in severity, specifically noting discrepancies between plaintiff's seated and supine straight-leg raise testing. Tr. 24, 299. Next, the ALJ cited the opinion of Dr. Tran, who examined plaintiff in June 2011, and determined that plaintiff's "subjective complaints did not correlate to his pathology," (Tr. 25, 317), specifically noting that Dr. Tran reported "the exam was stopped because the patient got angry with provocative maneuvers that [were] done very slowly and would not cause pain to that extent even if he has a discogenic problem." *Id.* Next, the ALJ noted, that in June 2012, plaintiff met with Dr. Lorber and told him, he could not tolerate "any stretches and does not engage in any strengthening," (Tr. 25, 656), however Dr. Lorber noted that plaintiff would likely tolerate a stretching regimen "better than he anticipates." Tr. 659. Finally, the ALJ cited part of Dr. Dunn's medical opinion and found "[t]he most recent medical records obtained at the hearing level do

not describe a sudden decline in [plaintiff's] functioning." Tr. 25. Specifically, the ALJ cited Dr. Dunn's notes that plaintiff was experiencing waxing and waning pain symptoms, but was otherwise "doing well" with his medication regimen (Tr. 25, 835), had a normal range of motion and muscle tone, and ambulated with a normal gait without excessive pain behavior. Tr. 25, 837. The ALJ found "[s]uch objective findings reasonably suggest that [plaintiff] could still perform light-level work that allowed him to sit or stand at will while performing essential job duties." Tr. 25.

Plaintiff argues his pain was consistent with the objective medical findings, arguing the ALJ failed to mention a lumbar CT scan and discography done in February 2011 revealing a discal fissuring, and the opinion of Dr. Patrick Golden, who found the disruption of the disc, as evidenced by these tests, was "a significant pain generator." Pl.'s Br. 16, Tr. 358-66. Plaintiff further argues that many of the doctors whose opinions were cited by the ALJ were not aware of these results when making their findings. Pl.'s Br. 15-17. The Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Here, although variable interpretations of the record could be made, I find the ALJ's inferences are reasonably drawn from the record. For this reason, I find no error.

Finally, the ALJ found plaintiff "declined to follow prescribed treatment reasonably intended to improve his physical functioning" which the ALJ determined "further erode[d] the credibility of [plaintiff's] subjective pain complaints." Tr. 25. The ALJ specifically cited plaintiff's enrollment in a multi-week pain management program, which he left after only four days. Tr. 25, 805-34. The ALJ noted that treatment providers found plaintiff had "questionable"

motivation and "his ability to progress was 'very limited by virtue of pain interference or self limitation.'" Tr. 25, 813-14. Overall, the ALJ provided numerous clear and convincing reasons, supported by substantial evidence, for discrediting plaintiff's testimony. I find the ALJ reasonably cited plaintiff's testimony, medical noncompliance, and testimony from physicians, to support her reasons for discrediting plaintiff's testimony. Therefore, I find no error.

## II.    The ALJ Failed to Evaluate the Medical Opinion of Dr. Joseph Dunn, M.D.

Next, plaintiff argues the ALJ erred by failing to provide legally sufficient reasons for failing to credit the opinion of Dr. Joseph Dunn. Pl.'s Br. 12-14. Specifically, plaintiff argues the ALJ failed to provide clear and convincing, or specific and legitimate reasons for discrediting Dr. Dunn's statements, and improperly found the document submitted by plaintiff's attorney summarizing a conversation between the attorney and Dr. Dunn was not a "medical source statement." Pl.'s Br. 12-13. An ALJ may reject the uncontradicted medical opinion of a treating or examining physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). An ALJ may reject the contradicted opinion of a treating or examining doctor by providing "specific and legitimate reasons that are supported by substantial evidence." *Id.*

Here, the ALJ noted a document submitted by plaintiff's attorney that claimed to summarize a conversation between Dr. Dunn and plaintiff's attorney. Tr. 26, 738-40. The document contained statements purported to be from Dr. Dunn where he noted plaintiff "will need to lay down at least once a day, generally, and … will probably need to lay down for in excess of half an hour," will "have a variability of symptoms that [are] unpredictable," will have three or four "bad days in which he is unable to make it out of the house and keep

8 – OPINION AND ORDER

appointments", and that his "medications are not always effective day to day." Tr. 739. The ALJ noted that "[a]ttorney-prepared summaries of medical source opinions are disfavored in Social Security disability proceedings because there is no way to tell whether information attributed to the physician was offered spontaneously or was merely suggested by the representative." Tr. 26. For this reason, the ALJ concluded, "this summary is not considered an actual medical source statement, and is given limited weight in this matter." Tr. 26. The Commissioner concedes the ALJ erred by concluding Dr. Dunn's statements contained in this document were not a "medical source statement," and the case should be remanded. Def.'s Br. 1-2. However, the Commissioner argues the case should be remanded for further administrative proceedings, and not a finding of disability. Def.'s Br. 2-8.

As the ALJ erred, the question is whether to remand for further administrative proceedings or an award of benefits. Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012), quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). However, an award of benefits can be directed "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Remand for calculation of benefits is only appropriate where the credit-as-true standard has been satisfied, which requires:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.
> *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted).

9 – OPINION AND ORDER

The Commissioner acknowledges the second element is satisfied, noting the ALJ failed to provide legally sufficient reasons for rejecting Dr. Dunn's medical opinions, but argues the remaining two elements are not satisfied. Def.'s Br. 4. I address the remaining elements below.

The first element requires me to determine whether "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Garrison* at 1020. "Administrative proceedings are generally useful where the record 'has [not] been fully developed,' *Id.*, there is a need to resolve conflicts and ambiguities, *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995), or the 'presentation of further evidence ... may well prove enlightening' in light of the passage of time, *Immigration and Naturalization Service v. Ventura,* 537 U.S. 12, 18 (2002)." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*.

Here, Dr. Dunn's medical opinion from the attorney submitted document was "not considered an actual medical source statement" by the ALJ, and was only given limited weight. Tr. 26. Further, as plaintiff argues, the ALJ failed to discuss the opinion of Dr. Golden who examined plaintiff in June 2011 and plaintiff's CT scan and discography, both of which conflict with other medical opinions in the record. Pl.'s Br. 16. Where there exists conflicting medical evidence, the ALJ is charged with determining credibility and resolving any conflicts. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Since the ALJ failed to reasonably consider Dr. Dunn's medical opinion, failed to address the opinion of Dr. Golden, and failed to discuss plaintiff's CT scan and discography, there exist factual issues that must be resolved on remand. For this reasons a remand for further administrative proceedings is appropriate.

### III. The Commissioner Did Not Meet Her Burden of Proof that Plaintiff Retains the Ability to Perform "Other Work" in the National Economy

Finally, plaintiff argues the Commissioner failed to meet her burden of proof to show that he retains the ability to perform "other work" in the national economy. Pl.'s Br. 19-20. At step five, the burden shifts to the Commissioner to demonstrate that although the claimant is unable to perform work that has been done in the past, the claimant is still able to perform work that exists in the national economy. *Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999).

As discussed above, the record has not been fully developed because Dr. Dunn's medical opinion was not properly considered by the ALJ. Although the ALJ posed hypotheticals to the VE which included the limitations based on Dr. Dunn's medical opinions, it remains unclear whether plaintiff can perform "other work" in the national economy because plaintiff's overall limitations have not be determined in light of all of the medical evidence. For this reason, remand for further administrative proceedings is appropriate to allow the ALJ to determine whether plaintiff retains the ability to perform "other work" in the national economy based on all of the medical evidence.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

11 – OPINION AND ORDER

## CONCLUSION

For the reasons above, the Commissioner's decision is affirmed in part and reversed in part. On remand, the ALJ shall consider the medical opinion of Dr. Dunn, evaluate all medical opinion evidence, and conduct the step five analysis after taking into consideration all of plaintiff's limitations based on the relevant medical evidence.

IT IS SO ORDERED.

DATED this 28th day of June, 2016.

      /s/ Michael McShane
      Michael McShane
      United States District Judge